# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ANDRE WICKER** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION** |
| ) | |
| ) | **CASE NO.** |
| ) | |
| **UNLIMITED LANDSCAPING & TURF** ) | |
| **MANAGEMENT INC. and SCOTT** ) | |
| **WHITEHEAD (in his individual and official** ) | |
| **capacity as owner and operator)** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

COMES NOW, Andre Wicker, (hereafter "Plaintiff") and files this Complaint against Unlimited Landscaping & Turf Management Inc. and Scott Whitehead (hereafter "Defendants" as follows:

## INTRODUCTION

1.

This is an action for to obtain redress for intentional and ongoing discrimination pursuant based upon race as perpetrated by the owner of Unlimited Landscaping & Turf Management Inc. against Plaintiff that ultimately caused Plaintiff to resign under extreme duress and embarrassment.

## **JURISDICTION**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's federal claims and supplemental jurisdiction under 28 U.S.C. § 1367 for his state law tort claims.

3.

At all relevant times Defendant is an employer who maintained over fifteen employees of which Plaintiff was a past employee.

4.

At all relevant times, Defendants intentionally took actions which were repeated over a significant period of time wherein employees, i.e., Plaintiff, was forced to endure constant, unwanted, racial epithets, unwanted hurtful physical contact, embarrassment and humiliation which directly flowed from the owner of the Company and created a toxic culture of discrimination. Plaintiff could not correct, remove himself from, or obtain help in relation so the cruel, embarrassing, unwanted, racial discrimination which caused him to be treated differently that other white employees and/or employees outside of his race.

5.

All actions by Defendant, as alleged, occurred within the Northern District of Georgia.  As such, Plaintiff contends that venue in this district is proper.

## THE PARTIES

6.

The Plaintiff is an African American male residing in Gwinnett County Georgia and Defendants are owned and have their primary operation in north Georgia.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

7.

In early 2015, Plaintiff worked for Unlimited Landscaping & Turf Management, Inc. (also referred to as "Unlimited Landscaping") as a lawn technician. His job duties included spraying customer's lawns with chemicals to fertilize and to treat and prevent weed development. At times, Plaintiff also serviced lawns specifically for customers' individual needs. Throughout his term at Unlimited Landscaping, Plaintiff had various supervisors including Scott Whitehead (the owner), Matt Fowler (supervisor) and "Adam" (supervisor).

8.

Plaintiff is an African-American male, who identifies culturally to southern blacks and is aware and respectful of the long history of cultural indifference, intimidation, and hostility forced upon blacks by certain non-blacks in the workplace and in certain segments of society.

9.

While employed at Unlimited Landscaping, Plaintiff was subjected to a barrage of racial epithets by his supervisors and from the owner of the Company. The racial epithets were so commonly used around Plaintiff, over his objection, that Plaintiff was under extreme stress and duress not to react differently, e.g. place himself in a position that

would give Defendants cause to terminate him on site.

10.

Plaintiff contends that the continued racial comments, stereotypes, epithets created an obvious hostile environment where the owner and his underlings acted with impunity to insult, demean, terrorize and humiliate Plaintiff under the immediate threat of the change in condition of his employment, i.e., reduction in his job duties, and/or termination.

11.

The racially charged statements, insults and commentary continued on a regular basis, so much so, that it tacitly became the norm or culture of the company with respect to the interactions between Plaintiff and Defendants.

12.

Plaintiff expressed his displeasure with respect to the hostile racial commentary, demeaning comments and racial epithets directed towards him because he was black and the supervisors and owner were white. In response, Plaintiff was forced to do more menial work, e.g. spreading mulch and serving the landscaping around the company property (despite that this was not within his job description). Plaintiff also was required to work on Saturdays and was even told that it was mandatory to work on Saturdays.

13.

Defendants threatened Plaintiff to accept the changing requirements of his job or face termination. Defendants' response began after Plaintiff's refusal to accept the intolerable racial atmosphere fostered by the owner and his underlings.

14.

At one point, Defendants finally pushed Plaintiff to the point where he could not continue to endure the hostility from the owner and his underlings. That day occurred when the owner forcibly grabbed Plaintiff by the shoulder and gripped him by the shoulder and proclaimed that Plaintiff, "was the best nigger he had working for him."

15.

The force Defendant used to grab Plaintiff caused a minor bruise and confirmed to Plaintiff that if he went back he would likely respond violently to any additional offensive touching and/or attempts to intimidate him or force him to accept the racially intolerable workplace.

16.

Plaintiff resigned and never returned to work for Whitehead. To this day, Plaintiff is still suffering from the unnecessary racial commentary, invasion of his private space, clear violation of federal law regarding the appropriate atmosphere for work, etc.

## COUNT ONE: TITLE VII RACE DISCRIMINATION

17.

Throughout early 2015 until his resignation, Plaintiff endured unfair and unwanted racial commentary, stereotypes, purported jokes, and racial epithets on a regular basis from the owner and the two supervisor over Plaintiff (more than Plaintiff could count), the result of the insensitive commentary, Plaintiff felt helpless and powerless to change the workplace conditions because the owner himself also patterned the same offensive behavior such that it became a tacit workplace policy by those in power.

18.

As a result of the regular unwanted racial commentary, purported racial jokes, stereotypes and/or racial epithets, Plaintiff's job description and duties changes immediately voicing his displeasure/objection to the actions by Defendant.

19.

At all relevant times, Defendants' conduct violates Title VII.

20.

Plaintiff satisfied all of the technical prerequisites for filing suit.

21.

Defendants' discriminatory conduct, in violation of Title VII, has caused the Plaintiff to suffer loss of pay, benefits, and prestige.

22.

Defendant's intentional discriminatory conduct, in violation of Title VII, has caused the Plaintiff to suffer mental and emotional distress, entitling her to compensatory, punitive damages, and attorney fees pursuant to 42 U.S.C. § 1981a.

**COUNT TWO: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

23.

Plaintiff experienced a physical impact and injury by definition when Whitehead grabbed him forcibly enough to cause a bruise. Plaintiff also suffered injury and distress by and through the embarrassment of being subjected to offensive harassment by Whitehead with no viable means to make him stop absent a physical exchange.

24.

Defendants used their position of power and authority over Plaintiff to ensure that they could mistreat him, harass him, and make his workplace duties more onerous to the point of forcing him to find another job.

**COUNT THREE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

25.

Plaintiff experienced a physical impact and injury by definition when Whitehead grabbed him forcibly enough to cause a bruise. Plaintiff also suffered injury and distress by and through the embarrassment of being subjected to offensive harassment by Whitehead with no viable means to make him stop absent a physical exchange.

26.

Defendants used their position of power and authority over Plaintiff to ensure that they could mistreat him, harass him, and make his workplace duties more onerous to the point of forcing him to find another job.

For all the forgoing reasons, Plaintiff prays for relief as follows:

1. The Court grant compensatory damages for emotional distress, humiliation and/or other damages caused by Defendant's conduct;

2. The Court grant punitive damages for Defendant's reckless, malicious and/or indifferent conduct;

3. The Court grant Plaintiff expenses of litigation, including reasonable attorney fees;

4. The Court grant Plaintiff a jury trial;

5. The Court grant all other relief deemed just and proper; and

6. The Court grant a temporary and/or permanent injunctive relief thereby prohibiting Defendants from engaging in similar discriminatory conduct.

Respectfully submitted this 27th day of October 2016.

/s/ S. Carlton Rouse, Esq.
S. Carlton Rouse, Esq.
Georgia Bar No. 003583
Attorney for Plaintiff

**ROUSE & COMPANY, LLC**
3375 Centerville Hwy
P.O. Box 392105
Snellville, GA 30039-9997
(678)360-0403(t)
(678)658-9093(f)
s.carlton@rousecolaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ANDRE WICKER** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) **CIVIL ACTION** |
| | ) |
| | ) **CASE NO.** |
| | ) |
| **UNLIMITED LANDSCAPING & TURF** | ) |
| **MANAGEMENT INC. and SCOTT** | ) |
| **WHITEHEAD (in his individual and official** | ) |
| **capacity as owner and operator)** | ) |
| | ) |
| **Defendant.** | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing **COMPLAINT** upon Defendant by depositing a true and correct copy of the same in the United States mail, proper postage affixed thereto, addressed as follows:

>   **Unlimited Landscaping & Turf Mgt Inc.**
>   **Kevin S. Whitehead**
>   **2242 Crimson King Drive**
>   **Braselton, GA 30517**

Respectfully submitted this 27th day of October 2016.

>                               /s/ S. Carlton Rouse, Esq.
>                               S. Carlton Rouse, Esq.
>                               Georgia Bar No. 003583
>                               Attorney for Plaintiff

**ROUSE & COMPANY, LLC**
3375 Centerville Hwy
P.O. Box 392105
Snellville, GA 30039-9997
(678)360-0403(t)
(678)658-9093(f)
s.carlton@rousecolaw.com